UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEMAINE D. PETTUS,<br><br>        Petitioner,<br><br>v.<br><br>DONALD HOLBROOK,<br><br>        Respondent. | CASE NO. 3:17-CV-05750-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: MARCH 9, 2018 |

Petitioner Jemaine D. Pettus filed a 28 U.S.C. § 2254 petition challenging his 1996 conviction of first-degree murder and unlawful delivery of a controlled substance. Dkt. 6. The Court's records reflect that the petition is a second or successive petition which should be referred to the Ninth Circuit.

**DISCUSSION**

Petitioner previously sought habeas relief in this Court as to his 1996 conviction. *See Pettus v. Washington State Penitentiary*, No. 01-cv-5079-FDB at Dkt. 4. It is unclear what petitioner argued in his original petition because the only available document is petitioner's

REPORT AND RECOMMENDATION - 1

1 cover sheet. *Id*. However, it is clear that petitioner was attempting to challenge his 1996
2 convictions. *Id*. The District Court dismissed that petition with prejudice as untimely. *Id*. at Dkts.
3 15, 20.

4     In his present petition, petitioner again attempts to challenge his 1996 conviction of
5 murder and unlawful delivery of a controlled substance. Dkt. 6. Petitioner raises one ground for
6 federal habeas relief: that the trial court abused its discretion when it failed to instruct the jury on
7 a lesser-included first-degree manslaughter charge. Dkt. 6. He also argues that the state courts
8 erred when they failed to give retroactive effect to two Washington state cases. *Id*.

9     The 2017 petition contests the same conviction as the 2001 petition, and thus, petitioner
10 was required to receive authorization from the Ninth Circuit Court of Appeals before filing his
11 second challenge, which petitioner did not do. 28 U.S.C. § 2244 (b)(3)(A). Petitioner's failure to
12 secure such an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. 28
13 U.S.C. § 2244(a); *See Magwood v. Paterson,* 561 U.S. 320,331 (2010); *Burton v. Stewart,* 549
14 U.S. 147,157 (2007). However, Ninth Circuit Rule 22–3(a) states:

15     . . . If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of
16     justice, refer it to the Court of Appeals.

17     Further, Circuit Advisory Committee Note to Rule 22-3 provides:

18     . . . If an applicant files a document that appears to be an unauthorized section 2254
    petition or 2255 motion and facially alleges a claim based on a new rule of
19     constitutional law or newly discovered evidence of actual innocence, the district
    court may transfer the filing to the court of appeals in the interests of justice or, in
20     the alternative, the district court may dismiss the filing without prejudice to the
    applicant seeking authorization from the court of appeals on Ninth Circuit Form 12.
21
    Since petitioner submitted an unauthorized § 2254 petition to this Court, the Court may
22
refer it to the Court of Appeals in the interest of justice. Here, respondent argues that petitioner's
23
habeas petition is untimely. Dkt. 9 at 14-20. If so, dismissing the petition at this stage could bar it
24

REPORT AND RECOMMENDATION - 2

from any future consideration. Because of this, the interests of justice dictate that the petition should not be dismissed. Therefore, the Court recommends referring petitioner's habeas petition to the Ninth Circuit.

**CONCLUSION**

The Court recommends that this petition be referred to the Ninth Circuit and that the file be administratively closed without deciding whether the petition should be dismissed.

Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636 (b) (1) (C). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 9, 2018** as noted in the caption.

Dated this 13th day of February, 2018.

J. Richard Creatura
United States Magistrate Judge